UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN D. MURPHY,<br><br>  Plaintiff,<br><br>v.<br><br>TRADER JOE'S,<br><br>  Defendant. | Case No. 16-cv-02222-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 30 |

Before the Court is plaintiff's motion to strike defendant's affirmative defenses. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. After careful consideration of papers submitted, the Court GRANTS plaintiff's motion in part, with leave to amend. **If defendant wishes to amend its answer in accordance with this order, defendant must file its amended answer no later than February 10, 2017.**

**BACKGROUND**

Plaintiff DeShawn Murphy previously worked for defendant Trader Joe's. In his First Amended Complaint ("FAC"), plaintiff alleges that defendant terminated his employment because of his race, retaliated against him, and maintained a hostile work environment. FAC ¶¶ 76, 82 & 106. On August 5, 2016, defendant answered the complaint and raised eleven affirmative

1 defenses. Docket No. 18. Defendant filed an amended answer on October 24, 2016, asserting
2 only five affirmative defenses. Docket No. 24. On November 15, 2016, plaintiff filed this motion
3 to strike defendant's affirmative defenses. Docket No. 30. As set forth below, the Court
4 GRANTS plaintiff's motion with respect to defendant's third affirmative defense, with leave to
5 amend, and DENIES plaintiff's motion with respect to defendant's first, second, fourth, and fifth
6 affirmative defenses.

## LEGAL STANDARD

"Whether to grant a motion to strike lies within the sound discretion of the district court." *Mayfield v. Cty. of Merced*, No. 13-1619, 2015 WL 791309, at *3 (E.D. Cal. Feb. 25, 2015). A court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A defense can be legally insufficient or factually insufficient. *Sec. People, Inc., v. Classic Woodworking, LLC*, No. 04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). A defense is legally insufficient when "it lacks merit under any set of facts the defendant might allege." *Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013), *abrogated on other grounds by Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). A defense is factually insufficient when it fails to comply with Federal Rule of Civil Procedure 8. *See Cal. Brewing Co. v. 3 Daughters Brewing LLC*, No. 15-2278, 2016 WL 4001133, at *1 (E.D. Cal. July 26, 2016).

## DISCUSSION

I. **Pleading Standard for Affirmative Defenses**

As an initial matter, the parties disagree as to the pleading standard applicable to affirmative defenses in federal court. Plaintiff argues that the *Twombly/Iqbal* standard applies to affirmative defenses. Defendant argues that a lower "fair notice" standard applies to affirmative

defenses. As explained below, the Court finds that *Twombly/Iqbal* is the correct standard.

Rule 8's pleading standard for affirmative defenses is currently the subject of disagreement. *See, e.g.*, *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-0253, 2016 WL 6393503, at *11 (N.D. Cal. Oct. 28, 2016) (discussing division among district courts as to the pleading standard for affirmative defenses in the Ninth Circuit). The disagreement centers on whether Rule 8's requirement to state defenses "in short and plain terms" necessarily incorporates the *Twombly/Iqbal* standard applicable to federal complaints or simply requires "fair notice" pleading. *Id*. The *Twombly/Iqbal* standard requires a defendant plead "sufficient facts and law" to show a defense is plausible on its face. *CTF Dev., Inc. v. Penta Hosp., LLC*, No. 09-2429, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009). The lower "fair notice" standard only requires a defense be described in "general terms" so that an opposing party knows the defense will be invoked. *Aubin Indus., Inc. v. Caster Concepts, Inc.*, No. 14-2082, 2015 WL 3914000, at *6 (E.D. Cal. June 25, 2015).

Before 2015, district courts in the Ninth Circuit generally agreed that the *Twombly/Iqbal* standard applied to affirmative defenses. *Openwave Messaging, Inc.*, 2016 WL 6393503, at *11. However, in 2015, the Ninth Circuit indirectly called this standard into question. *See Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1018 (9th Cir. 2015). In *Kohler*, the Ninth Circuit affirmed a district court's grant of summary judgment on one of the defendant's affirmative defenses. *Id*. The defendant had prevailed on summary judgment in the district court by showing that it provided "equivalent facilitation," an affirmative defense to plaintiff's claims under the Americans with Disabilities Act. *Id*. at 1019. On appeal, the plaintiff argued in part that summary judgment was improper because the defendant's answer did not provide notice of this affirmative defense. *Id*. Specifically, because defendant's answer used the phrase "alternative methods" rather than "equivalent facilitation," the plaintiff claimed to have lacked notice. *Id*. Rejecting this argument, the Ninth Circuit found that the answer, despite its imprecise phrasing, provided the plaintiff with

"fair notice." *Id.*

The use of the specific phrase "fair notice" prompted some district courts to reconsider the pleading standard for affirmative defenses. *See, e.g.*, *Aubin Indus., Inc.*, 2015 WL 3914000, at *5-6. But this Court does not read *Kohler* as stating a more lenient pleading standard. *Accord Perez v. Wells Fargo & Co.*, No. 14-0989, 2015 WL 5567746, at *3 (N.D. Cal. Sept. 21, 2015) ("Defendants' citation to the *Kohler* decision is unpersuasive, as the Ninth Circuit did not specifically hold in that case that the *Twombly/Iqbal* standard does not apply to the pleading of affirmative defenses."). Importantly, *Kohler* did not directly address the pleading standard for affirmative defenses; the court touched on the issue only in passing. *See Kohler*, 779 F.3d at 1018-19. Accordingly, in the absence of clear controlling authority, the Court will follow numerous decisions in this district applying the *Twombly/Iqbal* standard to affirmative defenses. *See, e.g.*, *Bottoni v. Sallie Mae, Inc.*, No. 10-3602, 2011 WL 3678878, at *1 (N.D. Cal. Aug. 22, 2011) ("[C]ourts in this district consistently have applied the *Twombly–Iqbal* pleading standard to the pleading of affirmative defenses, requiring a defendant to allege enough facts to state a claim to relief that is plausible on its face.").

Thus, in pleading its affirmative defenses, a party must state "enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility." *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012). This standard does not require "extensive factual allegations," but "bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-3323, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012). If there is any doubt, a motion to strike should be denied. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). If an affirmative defense is stricken, "leave to amend should be freely given." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

## II. Affirmative Defenses

Defendant raises five affirmative defenses: (1) failure to mitigate; (2) after-acquired evidence; (3) expiration of the statute of limitations; (4) laches; and (5) legitimate non-discriminatory reasons. Plaintiff moves to strike all five defenses. The Court will address each defense in turn.

### A. Failure to Mitigate

Defendant's first defense is based on failure to mitigate. Plaintiff argues that defendant failed to factually support its failure to mitigate defense. The failure to mitigate defense applies when a plaintiff fails to mitigate his or her injury by taking a comparable job. *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, No. 15-1893, 2016 WL 3017552, at *3 (N.D. Cal. May 26, 2016). Defendant alleges that plaintiff was offered a similar job closer to his home and he turned it down. Defenses (Dkt. No. 29) ¶ 2. Taken as true, plaintiff failed to take a substantially comparable job, and thereby failed to mitigate his injury. Thus, defendant plausibly states a failure to mitigate defense.

In addition, plaintiff argues that defendant's failure to mitigate defense is improperly raised as an affirmative defense because the doctrine serves to limit damages rather than to absolve a party of liability. While courts sometimes describe an affirmative defense as "an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim," *Bay Area Roofers Health & Welfare Trust v. Sun Life Assurance Co. of Canada*, No. 13-4192, 2013 WL 6700017, at *2 (N.D. Cal. Dec. 19, 2013), this general language does not establish a fixed rule. Although the failure to mitigate doctrine operates to reduce damages rather than as a barrier to liability, it is still considered an affirmative defense. *See, e.g.*, *ALLTEL Info. Servs., Inc. v. F.D.I.C.*, 194 F.3d 1036, 1044 (9th Cir. 1999) (considering the "Affirmative Defense of Failure to Mitigate"); *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, No. 15-1893, 2016 WL 3017552, at *3 (N.D. Cal. May

26, 2016) (considering "the tenth affirmative defense, failure to mitigate damages"). Accordingly, the Court DENIES plaintiff's motion to strike defendant's first affirmative defense.

### B. After-Acquired Evidence

Defendant's second affirmative defense is based on after-acquired evidence. Plaintiff argues that defendant's after-acquired evidence defense fails because defendant does not state any concrete facts. However, the absence of facts to support this defense is not dispositive. The after-acquired evidence defense enables a defendant to limit damages if discovery reveals the plaintiff committed a terminable offense before the alleged wrongful termination. *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 759 (9th Cir. 1996). The nature of this defense prevents a defendant from answering with specific facts, because the inquiry is whether discovery might plausibly reveal a terminable offense.[1] Thus, defendant has adequately pled its after-acquired evidence defense.

As with failure to mitigate, plaintiff also argues that after-acquired evidence is not properly raised as an affirmative defense because the doctrine only serves to limit damages. However, after-acquired evidence, like failure to mitigate, is nonetheless considered an affirmative defense. *See, e.g.*, *Pulliam v. Tallapoosa Cnty. Jail*, 185 F.3d 1182, 1185 (11th Cir.1999) (*"*[T]he doctrine of after-acquired evidence . . . is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order."). Thus, the Court DENIES plaintiff's motion to strike defendant's second affirmative defense.

---

[1] For example, in *McKennon v. Nashville Banner Pub. Co.*, the plaintiff revealed during her deposition that she took several confidential documents from her work in order to copy them for personal records, a terminable offense. 513 U.S. 352, 355 (1995). It is doubtful that the defendant, prior to the deposition, had grounds for suspecting this conduct. Thus, in almost every wrongful termination case, the defendant likely has plausible grounds for asserting that discovery might reveal evidence of a previously unknown offense justifying termination.

### C. Statute of Limitations

Defendant's third affirmative defense is expiration of the statute of limitations. Plaintiff argues that defendant has alleged no facts to support its statute of limitations defense. Defendant asserts that plaintiff failed to bring a claim within the required period, but defendant neither cites a particular statute nor references particular dates. Because defendant does not allege any particular facts, the defense is insufficiently pled. Without facts, the defense is simply a conclusory allegation. *Solis v. Zenith Capital, LLC*, No. 08-4854, 2009 WL 1324051, at *4 (N.D. Cal. May 8, 2009) ("Defendants have failed to adequately plead the applicable statutes of limitations upon which they rely."). Thus, the Court GRANTS plaintiff's motion to strike this defense, with leave to amend.

### D. Laches

Defendant's fourth affirmative defense is laches. Plaintiff argues that defendant alleges no facts supporting its laches defense. "A party asserting laches must show that it suffered prejudice as a result of the plaintiff's unreasonable delay in filing suit." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (citations omitted). Defendant alleges that plaintiff filed suit more than four years after his termination. Defenses (Dkt. No. 29) ¶ 8. Defendant also alleges that during the four-year period, it had to hire and pay additional workers to replace plaintiff, which could lead to having to pay two salaries for a single position. *Id.* ¶ 9. Because plaintiff may have delayed in bringing suit, the defendant could face greater liability. Thus, the Court DENIES plaintiff's motion to strike defendant's fourth affirmative defense.

### E. Legitimate Non-Discriminatory Reasons

Defendant's fifth affirmative defense is "legitimate non-discriminatory reasons." Plaintiff argues that this defense is not actually an affirmative defense. Under this defense, defendant

alleges it had legitimate grounds for terminating plaintiff. Defenses (Dkt. No. 29) ¶ 12. Any "defense which demonstrates that a plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Defendant's claim that it had legitimate grounds for terminating plaintiff's employment does not act as an independent defense; instead, the assertion challenges plaintiff's ability to show that defendant acted because of plaintiff's race.

Nonetheless, a motion to strike may be denied where a party fails "to show they will suffer any prejudice if the defenses are left in the defendant's Answer." *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014). Defendant's reason for terminating plaintiff's employment is a central issue of this case. Leaving in the defense will not prejudice plaintiff since discovery on the issue is inevitable. *See Bottoni*, 2011 WL 3678878, at *2 (identifying "expensive and potentially unnecessary and irrelevant discovery" as the chief source of prejudice). Accordingly, the Court DENIES plaintiff's motion to strike defendant's fifth affirmative defense.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike defendant's first, second, fourth, and fifth defenses is DENIED. Plaintiff's motion to strike defendant's third defense is GRANTED, with leave to amend. **If defendant wishes to amend its answer in accordance with this order, defendant must file its amended answer no later than February 10, 2017.**

///

///

///

This order resolves Docket No. 30.

**IT IS SO ORDERED.**

Dated: January 19, 2017

_____
SUSAN ILLSTON
United States District Judge